UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUAN MOISES YAC PASTOR,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:25-cv-1301

Honorable Hala Y. Jarbou

## **ORDER**

      This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement (ICE), challenging the lawfulness of Petitioners' current detention. On November 19, 2025, the Court entered an opinion and judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 7, 8.) The Court ordered, *inter alia*, that Respondents provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. The Court also ordered Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

      On November 26, 2025, Respondents filed a status report indicating that a bond hearing was held on November 24, 2025, and that bond was denied because "Respondent is a danger to the community." (ECF No. 9.) This matter is now before the Court on Petitioner's "motion to grant immediate release." (ECF No. 10.)

In his motion, Petitioner claims that the November 24, 2025, bond hearing was "procedurally defective" because the "[i]mmigration [j]udge failed to articulate and apply the correct standard of proof for prior arrests and . . . failed to apply the factors set forth in *In re Guerra*, 241 N. Dec. 37 (B.I.A. 2006). (*Id.*, PageID.10.)

Upon review of Petitioner's motion, it appears that Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's November 19, 2025, Opinion and Judgment. However, the issues raised in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's November 19, 2025, Opinion and Judgment. The Court required Respondents to give Petitioner a bond hearing in accordance with Petitioner's right to due process, and it appears that Petitioner received one. To the extent Petitioner challenges the validity of the proceedings he received, he is raising new issues that are not the subject of the petition in this case. Thus, there is no basis for reopening this case or granting release.

Accordingly,

**IT IS ORDERED** Petitioner's motion for release (ECF No. 10) is **DENIED**.


Dated: December 19, 2025                /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE